|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| LUIS ROLDAN-CORTES, | |
| Petitioner, | Civil No. 05-2200 (JAF) |
| v. | (Crim. No. 97-284) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER**

Before the court is Luis Roldán-Cortés' ("Roldán") 28 U.S.C. § 2255 (1994 & Supp. 2004) federal habeas corpus petition arguing that his attorney's failure to investigate and defend his case violated his constitutional right to effective assistance of counsel. Docket Document Nos. 1, 13.

**I.**

**Factual and Procedural Synopsis**

Many of the facts of this case have been laid out in detail in the First Circuit's opinion responding to Petitioner's direct appeal of his criminal convictions. United States v. Rodriguez-Marrero, 390 F.3d 1 (1st Cir. 2004). Nonetheless, we summarize this case's history anew to the extent necessary to create a narrative relevant to the ineffective assistance of counsel claim presently before us. We derive the following factual history from the parties' filings, as well as from the First Circuit's opinion. See id.; Docket Document Nos. 1, 6, 13.

Civil No. 05-2200 (JAF)                                                     -2-

Defendant Roldán was a member of a drug conspiracy responsible for smuggling large amounts of cocaine and marijuana into southwestern Puerto Rico. Roldán's participation included: negotiating drug shipments; loading, unloading and captaining boats carrying drugs; coordinating security and look-outs; and inventorying and selling drugs to small distributors. Roldán also assisted in the murder of another member of the conspiracy, government informant James Martin-Rodríguez ("Martin"). To facilitate Martin's killing, Roldán met with co-defendants David Rafael Ramos-Rivera ("Ramos") and Aníbal Pagán-Cerezo ("Pagán") at the Ducos Housing Project in Aguadilla to identify Martin as the target of the murder. Immediately after conferring with Roldán, Pagán and Ramos riddled Martin's body with seventeen bullets.

The government indicted Roldán on July 18, 2000, in its Second Superseding Indictment, three years after an initial indictment of conspiracy members on December 17, 1997. The charges against Roldán included Count 1, conspiracy to possess cocaine and marijuana with intent to distribute, and Counts 7, 8, and 9, aiding and abetting Martin's murder. Roldán hired Efren T. Irizarry-Colón ("Irizarry") to represent him.

Only three of the twelve indicted conspiracy members went to trial, which began September 7, 2000. Irizarry immediately informed the court that he was unprepared to represent Roldán and requested a continuance. After issuing previous warnings that it would not

postpone this multi-defendant, complex trial, the court denied the motion. On October 10, 2000, the jury convicted all three defendants on all counts. On March 18, 2002, the court sentenced Roldán to four life sentences. Roldán subsequently filed three motions for new trials based on newly-discovered evidence, which the district court denied. Roldán then filed an appeal on several grounds, including newly-discovered evidence. The First Circuit affirmed his conviction on all counts.

In his appeal, Roldán claimed that the district court's denial of his motion for a continuance unconstitutionally deprived him of the effective assistance of counsel. The First Circuit found that, despite Irizarry's insistence that he was not prepared for trial, he performed at the same level as the other defendants' attorneys. Rodriguez-Marrero, 390 F.3d at 23. Significantly, the court found that Irizarry was able to cross-examine the government's chief witnesses and that no prejudice resulted from Irizarry's failure to locate a one-page police report that Roldán flagged as potentially leading to exculpatory evidence. Id.

On November 15, 2005, Roldán filed a habeas corpus petition alleging ineffective assistance of counsel on six grounds. Roldán asserts that Irizarry failed to: (1) review the government's discovery; (2) make a timely motion for a continuance; (3) investigate leads or present an affirmative defense; (4) communicate with petitioner; (5) obtain a written plea offer; and

Civil No. 05-2200 (JAF)                                          -4-

(6) subordinate his pecuniary interests and competently represent Petitioner. Docket Document No. 1-1.

The government filed a response to Petitioner's motion on January 30, 2006, Docket Document No. 6, and Petitioner replied on June 22, 2006. Docket Document No. 13-1.

## II.

### Framework and Relief Under Section 2255

A federal district court has jurisdiction to entertain a § 2255 motion only where the petitioner is currently in custody under the sentence of a federal court. 28 U.S.C. § 2255. Section 2255 provides four grounds under which a federal prisoner looking to challenge the imposition or length of his sentence may seek relief: (1) the court imposed the sentence in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum time authorized by law; and (4) the sentence is otherwise subject to collateral attack. See id. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." Id. Claims which do not allege constitutional or jurisdictional errors may be brought under § 2255 only if the claimed error would result in a complete miscarriage of justice. See Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (citing Hill v. United States, 368 U.S. 424, 428

Civil No. 05-2200 (JAF)                                                    -5-

(1962)). Section 2255 "does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or illegality of the sentence." United States v. DiRusso, 535 F.2d 673, 674 (1st Cir. 1976).

### III.

### Discussion

The Supreme Court established a two-part standard for ineffective assistance of counsel claims in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show the deficiency of counsel's performance and second, a defendant must demonstrate a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different. Id. at 686-96. The court may dismiss based on a failure to show prejudice without reaching the performance prong of the Strickland test. Id. at 697 ("[T]here is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Petitioner first claims that Irizarry's failure to review discovery materials provided by the government led to a "significantly different" trial than would have occurred had Irizarry actually read those documents. Docket Document No. 1-1. Petitioner does not, however, support this claim with an explanation of how or why the outcome would have differed. See id. Without more, we cannot determine the effect that more thorough preparation might have had. Nor can we, as petitioner urges us to do, find ineffective

Civil No. 05-2200 (JAF)                                                    -6-

assistance of counsel based on Kimmelman v. Morrison, where the Court affirmed a finding of constitutionally-deficient assistance based on counsel's failure to object to the admission of prejudicial evidence. 477 U.S. 383, 390 (1966) (finding evidence might "have tipped the balance" in defendant's favor). No similarly prejudicial errors or omissions exist in the present case.

Second, Petitioner claims that Irizarry's failure to make a timely motion for continuance constituted ineffective assistance of counsel. Docket Document No. 1-1. In response to Petitioner's claim on appeal that the district court's denial of his motion for continuance deprived him of due process, the First Circuit found that no prejudice resulted from the denial. Rodriguez-Marrero, 390 F.3d at 24. We apply the First Circuit's finding to the case before us and find that Petitioner suffered no prejudice from counsel's delay.

Third, Petitioner reiterates his claim that newly-discovered evidence contains potentially exculpatory material that Irizarry could have unearthed through diligent investigation and used to present an affirmative defense. Docket Document No. 1-1. To support this claim, Petitioner offers affidavits from two of his co-defendants, Raúl Santodomingo-Romero ("Santodomingo") and Pagán, denying Roldán's involvement in the murder, and from residents of the Ducos housing project claiming that they did not see Roldán that day. Docket Document No. 1-3, Exs. B,C,D,E,F1, and F2.

Civil No. 05-2200 (JAF)                                                   -7-

Petitioner first introduced statements from Santodomingo and Pagán to the district court in a motion for a new trial on April 23, 2001. Rodriguez-Marrero, 390 F.3d at 28. The district court denied Petitioner's claim that these pieces of newly-discovered evidence warranted a new trial. Id. Reviewing the ruling, the First Circuit found no error in the district court's belief that "as a convicted drug-dealing kingpin, Santodomingo would have little credibility with jurors." Id. at 29. The First Circuit also affirmed the district court's decision not to grant a new trial based on Pagán's uncorroborated written statements, sent to Petitioner while Pagán was a fugitive from justice.

Petitioner made two more motions for a new trial, offering another unsworn statement of Pagán. Id. at 31. The district court found the statement inconsistent with Pagán's earlier letter and denied the motion based on Pagán's "very limited credibility." Id. The First Circuit found no error in this decision. Id. We agree with the First Circuit that the statements of Petitioner's co-defendants, if introduced, would not have altered the result of the trial.

As for the affidavits from a smattering of housing project residents testifying that they did not see Roldán that day, or that they saw him later in the day, we find that they would have had little relevance to the jury in this case for two reasons. Docket

Civil No. 05-2200 (JAF)                                                      -8-

<u>Document No. 1-3 Exs. C,D,E.</u>[1]  First, they come from random individuals who likely did not see most of the people present in the housing project that day and, second, because their evidentiary value is clearly outweighed by much more direct evidence against Roldán in the record.

Petitioner next claims that Irizarry's failure to communicate his inability to devote sufficient time and effort to Roldán's case constituted ineffective assistance of counsel. <u>Docket Document No. 1-1</u>. It is unclear once again, however, how the result of Roldán's trial might have differed had Irizarry given Roldán a more accurate picture of his commitment. While Roldán might have retained different counsel, we have already determined above that neither a continuance nor the presentation of the additional evidence uncovered pursuant to this ineffective assistance of counsel claim would have altered the outcome. Because no prejudice resulted from Irizarry's failure to warn Roldán that he might not live up to his expectations, we do not find ineffective assistance on these grounds.

Fifth, Petitioner claims that Irizarry's failure to obtain a written plea offer from the government constituted ineffective assistance of counsel. <u>Docket Document No. 1-1</u>. An attorney has a duty to discuss plea offers with clients; this duty does not,

---

[1] Petitioner offered Exhibit D in Spanish only. While we have taken into account the substance of this affidavit, we remind Petitioner that Spanish documents offered to this court must be accompanied by an English translation.

Civil No. 05-2200 (JAF)                                                    -9-

however, extend to actually securing an offer. <u>United States v. Gonzalez-Vazquez</u>, 219 F.3d 37, 41 (1st Cir. 2000); <u>Boria v. Keane</u>, 99 F.3d 492, 496 (1st Cir. 1996).

Sixth, Petitioner claims that his alleged disagreement with Irizarry over fees led Irizarry unconstitutionally to neglect to put forth his full effort on this case. <u>Docket Document No. 1-4</u>. As evidence of Irizarry's lack of commitment, Petitioner points to: (1) Irizarry's attempt to withdraw from representation over the fee dispute; and (2) Irizarry's alleged forgery of his signature on a document asking this court to appoint new counsel. <u>Docket Document No. 13-1</u>. While these allegations raise legitimate concerns, they do nothing to establish the prejudice necessary to satisfy <u>Strickland</u>. See <u>Bucuvalas v. United States</u>, 98 F.3d 652, 656 (1st Cir. 1996)(to prove ineffective assistance based on a conflict of interest, a petitioner must show that: (1) his attorney could have pursued a plausible alternative defense strategy; and (2) his attorney failed to pursue this tactic due to other loyalties or interests). We additionally observe that the First Circuit presumes that "a lawyer will ordinarily subordinate his pecuniary interests and honor his primary professional responsibility to his client" absent evidence to the contrary. <u>Id.</u> (quoting <u>United States v. DiCarlo</u>, 575 F.2d 952, 957 (1st Circuit 1978).

Petitioner cites to <u>Cuyler v. Sullivan</u> to support his claim that his alleged fee dispute with Irizarry, and Irizarry's consequent lack

of commitment, constituted a violation of his Sixth Amendment right to effective assistance of counsel. 446 U.S. 335, 350 (1980). We fail to see the connection. In Cuyler, the Supreme Court found that a defendant's Sixth Amendment right to effective assistance of counsel may be violated by an attorney's divided loyalty when he represents multiple co-defendants in the same case. The present case, by contrast, does not deal with the clear conflict of interest created when an attorney represents multiple co-defendants, and the First Circuit has explicitly cautioned against extending the Cuyler presumption to all disagreements between attorneys and clients. Mota-Santana, 391 F.3d at 46.

## IV.

## Conclusion

In accordance with the foregoing, we **DENY** Petitioner's motion for a writ of habeas corpus on the basis of ineffective assistance of counsel. Docket Document No. 1. Pursuant to Rule 4(b) of the rules governing § 2255 proceedings, we find summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of October, 2006.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U. S. District Judge